# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-1573V

|  |  |
|---|---|
| HANNAH R. BOUDREAU,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>      Respondent. | Chief Special Master Corcoran<br><br>Filed: October 17, 2023 |

*William Bliss Hicky*, Thompson Burton PLLC, Nashville, TN, for Petitioner.

*Mary Eileen Holmes*, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION ON ATTORNEY'S FEES AND COSTS**[1]

On July 14, 2021, Hannah Boudreau filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she he suffered a Table shoulder injury related to vaccine administration as the result of a tetanus-diphtheria-acellular pertussis vaccination received on May 20, 2019. Petition at 1. On July 28, 2023, I issued a decision awarding compensation to Petitioner based on the parties' stipulation. ECF No. 46.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $44,857.17 (representing $42,462.80 for fees and $2,394.37 for costs). Petitioner's Application for Attorney's Fees and Costs ("Motion") filed Aug. 7, 2023, ECF No. 50. In accordance with General Order No. 9, Petitioner represents that Petitioner incurred no out-of-pocket expenses. ECF No. 51.

Respondent reacted to the motion on Aug. 16, 2023, stating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, ECF No. 52. Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate, for the reason listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson*, 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private

2

practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

Petitioner requests compensation for her attorney William B. Hicky at the following rates: $446 per hour for time billed in 2021; $458 per hour for time billed in 2022; and $470 per hour for time billed in 2023. ECF No. 50 at 2. These rates require adjustment.

Attorney Hicky was previously awarded lower hourly rates for his work in the vaccine program: $407 for 2021; $417 for 2022; and $427 for 2023. *See Tucker* v. *Sec'y of Health & Human Servs.,* No. 22-0293V, Slip. Op. 36, (Fed. Cl. Spec. Mstr. Jul. 12, 2023). I find no reason to deviate from these previously-established rates. Accordingly, I reduce Mr. Hicky's rates to be consistent with what he has been previously awarded for all time billed in the 2021-23 timeframe. This results in a reduction of attorney's fees to be awarded of **$3,777.00**.[3]

## ATTORNEY COSTS

Petitioner requests $2,394.37 in overall costs. ECF No. 50-1 at 2. This amount is comprised of obtaining medical records, shipping costs and the Court's filing fee. I have reviewed the requested costs and find them to be reasonable, and shall award them in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. **I award a total of $41,080.17 (representing $38,685.80 for fees and $2,394.37 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, William B. Hicky.**

---

[3] This amount consists of: ($446 - $407 = $39 x 45 hrs = $1,755.00) + ($458 - $417 = $41 x 29.60 hrs = $1,213.60) + ($470 - $427 = $43 x 18.80 hrs = $808.40).

      In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[4]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.